Before the First Division, September 19, 1938

No. 39385.—Protests 642618–G, etc., of C. S. Emery & Co. (St. Albans).

Opinion by McClelland, P. J. In accordance with stipulation of counsel and on the authority of *United States* v. *Myers* (24 C. C. P. A. 156, T. D. 48640) and *Myers* v. *United States* (T. D. 49530) the claim was sustained that the tax of $3 per thousand feet, board measure, should have been assessed on the lumber in question on the basis of the number of board feet actually imported.

No. 39386.—Protests 638459–G, etc., of F. W. Myers & Co., Inc. (Ogdensburg).

Opinion by McClelland, P. J. In accordance with stipulation of counsel and on the authority of *United States* v. *Myers* (24 C. C. P. A. 156, T. D. 48640) and *Myers* v. *United States* (T. D. 49530) the claim was sustained that the tax of $3 per thousand feet, board measure, should have been assessed on the lumber in question on the basis of the number of board feet actually imported.

No. 39387.—Protests 638491–G, etc., of Central Vermont Railway, Inc., et al. (St. Albans).

Opinion by McClelland, P. J. In accordance with stipulation of counsel and on the authority of *United States* v. *Myers* (24 C. C. P. A. 156, T. D. 48640) and *Myers* v. *United States* (T. D. 49530) the claim was sustained that the tax of $3 per thousand feet, board measure, should have been assessed on the lumber in question on the basis of the number of board feet actually imported.

No. 39388.—Protest 940820–G of Cohn & Rosenberger, Inc. (New York).

Opinion by Sullivan, J. The merchandise was described as real onyx stones for manufacturing purposes only. On the record presented they were held dutiable at 10 percent under paragraph 1528 as claimed.

No. 39389.—Protest 922378–G of Irving W. Rice Co. (New York).

Sullivan, Judge: An inspection of the official samples covered by this protest indicates that the merchandise consists of glass bells with a small amount of metal joining the clapper to the body of the bell.

The collector classified this merchandise under the following provision of paragraph 218 of the Tariff Act of 1930:

(f) Table and kitchen articles and utensils, and all articles of every description not specially provided for, composed wholly or in chief value of glass, blown or partly blown in the mold or otherwise, or colored, cut, engraved, * * * decorated or ornamented in any manner * * *.

He assessed duty thereon under the foregoing provision at 60 percent ad valorem.

The plaintiff corporation by its protest claims it dutiable at 50 percent ad valorem under paragraph 364 of the same act. This paragraph is in schedule 3, covering "Metals and Manufactures of." It is as follows:

Par. 364. Bells (except church and similar bells and carillons), finished or unfinished, and parts thereof, 50 per centum ad valorem.